# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ANTHONY CALLENDER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RILEY, *et al.*,<br><br>　　　　Defendants. | Case No. 1:25-cv-00849-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Vincent Anthony Callender ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on July 14, 2025, together with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 2.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) *Callender v. Dep't of*

1

1  The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2] *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007).  In the complaint, Plaintiff raises a variety of allegations, but primarily appears to allege that he has been subjected to several falsified Rules Violation Reports ("RVRs") for refusing to house with a compatible inmate, delaying a correctional officer in the performance of their duties, and unauthorized absences from work assignments.  (ECF No. 1.)  Plaintiff alleges that all of these RVRs were falsified in retaliation for Plaintiff's requests that CDCR comply with policies regarding preservation of body worn camera and surveillance footage for future litigation purposes, and because he is a black male inmate.  Plaintiff states that the defendants have failed to comply with state and prison regulations and violated his rights to due process and equal protection.  Plaintiff alleges injuries or potential future injuries from these incidents including anxiety, mental pain, anger, depression, and psychological pain.  (*Id.*)

Based on the allegations in the complaint, Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed.  Plaintiff alleges that he suffered from, or might suffer from, a variety of mental and emotional injuries due to the alleged actions of defendants, but at no time does Plaintiff allege that he suffered any physical injuries or that he might suffer from any physical injuries in the future.

Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $405.00 filing fee if he wishes to litigate this action.

---

*Children & Family Servs.*, Case No. 2:12-cv-05781-UA-PJW (C.D. Cal.) (dismissed on July 17, 2012 as frivolous, malicious, and for failure to state a claim); (2) *Callender v. Castillo*, Case No. 2:12-cv-01708-GEB-EFB (E.D. Cal.) (dismissed on November 4, 2013 for failure to state a claim); (3) *Callender v. Beckel*, Case No. 2:17-cv-00274-KJM-CKD (E.D. Cal.) (dismissed on May 29, 2019 for failure to file an amended complaint after a screening order dismissing the complaint for failure to state a claim); (4) *Callender v. Schellenberg*, Case No. 1:18-cv-01235-DAD-GSA (E.D. Cal.) (dismissed on January 31, 2020 for failure to file an amended complaint after a screening order dismissing the complaint for failure to state a claim).
  The Court also takes judicial notice of the following United States Court of Appeals case: *Callender v. Castillo*, Case No. 14-15411 (9th Cir.) (dismissed on July 15, 2014 for failure to pay the filing fee, following a denial of *in forma pauperis* status for filing a frivolous appeal).  *See Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial.  Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim.") (citing *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016)) (internal quotations omitted).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

  Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

  Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $405.00 initial filing fee in full to proceed with this action.

* * *

  These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by CM/ECF document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

  Dated: **July 16, 2025**      /s/ *Barbara A. McAuliffe*
                 UNITED STATES MAGISTRATE JUDGE