# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ANTHONY CALLENDER, | Case No. 1:25-cv-00849-KES-BAM (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, AND DIRECTING PLAINTIFF TO PAY FILING FEE WITHIN 30 DAYS |
| v. | |
| RILEY, *et al.*, | |
| Defendants. | Docs. 2, 8 |

Vincent Anthony Callender seeks to proceed in forma pauperis in this civil rights action filed under 42 U.S.C. § 1983. The magistrate judge reviewed Callender's litigation history and found he is subject to the three-strikes provision of 28 U.S.C. § 1915(g). Doc. 8 at 1-2. The magistrate judge also reviewed the allegations of the complaint and found Callender's allegation did not invoke the imminent danger exception to section 1915. *Id.* at 2-3. The magistrate judge recommended the Court deny the motion to proceed in forma pauperis and direct Callender to pay the filing fee to proceed with the action. *Id.* at 3.

On July 17, 2025, the Court served the findings and recommendations on Callender and notified him that any objections must be filed with 14 days. Doc. 8 at 3. The Court instructed: "Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by CM/ECF document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered." *Id.* (emphasis omitted). After

1

receiving extensions of time, Callender filed objections on September 18, 2025.  Despite the Court's instructions, the objections filed total 104 pages, including exhibits.

The Ninth Circuit explained, judicial "resources are limited" and the Court may impose limits so parties not abuse the resources by submitting a "mass of words rather than a true brief." *N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997). Towards this end, courts impose various sanctions for failure to comply with imposed limits, including striking a brief entirely or declining to consider pages beyond the limit.  *See Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) (affirming the district court's decision to strike a brief that did not comply with the page limit); *King Cnty. v. Rasmussen*, 143 F.Supp.2d 1225 (W.D. Wash. 2001) (striking only the portion of the filing that exceeded local rule page limitation), *aff'd*, 299 F.3d 1077 (9th Cir. 2002).  The Court exercises its discretion to disregard the exhibits—including nearly 80 pages—that caused Callender's objections to vastly exceed the page limit imposed. *See N/S Corp.*, 127 F.3d at 1146; *Swanson,* 87 F.3d at 345.  Although the written objections also exceed the imposed page limit, the Court has considered the written analysis.[1]

In accordance with 28 U.S.C. § 636(b)(1), the Court conducted a de novo review. Having carefully reviewed the file, including the objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.  Callender fails to identify allegations in the complaint that demonstrate that he was in any imminent danger of serious physical injury at the time the complaint was filed.  Allegations involving incidents that post-date the filing of his complaint, and involving other inmates, do not satisfy the exception from the three strikes bar under 28 U.S.C. § 1915(g).  *See, e.g., Hunter v. Kalwinder*, 2017 U.S. Dist. LEXIS 10568, at*2 (E.D. Cal. Jan. 25, 2017) ("events that post-date the complaint, are not relevant to the section 1915(g) analysis"); *Manago v. Cahow*, 2021 WL 621093, at *1 (C.D. Cal. Jan. 6, 2021) (danger to others in custody does not support a conclusion the *plaintiff* was in imminent danger as required under the exception).

///

---

[1] Callender is cautioned that future failures to comply with restrictions ordered by the Court may result in additional sanctions, including the striking of a non-compliant filing in its entirety.

The Court ORDERS:

1.      The findings and recommendations issued on July 17, 2025 (Doc. 8) are ADOPTED in full.

2.      Plaintiff's application to proceed in forma pauperis (Doc. 2) is DENIED.

3.      Plaintiff SHALL pay the $405.00 filing fee in full <u>within thirty days (30) days</u> following the date of service of this order.

**<u>If Plaintiff fails to pay the filing fee within the specified time, this action will be dismissed without further notice.</u>**

IT IS SO ORDERED.

    Dated:    June 29, 2026    

_____
UNITED STATES DISTRICT JUDGE

3